UNITED STATES DISTRICT COURT

DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

        Plaintiff,

    -vs-                                        Case No. 1:22-mj-01377-JHR

MARIA CABALLERO GALLEGOS,

        Defendant.

## ORDER GRANTING MOTION FOR RELEASE

**THIS MATTER** is before the Court on defendant Maria Caballero Gallegos's Motion for Release, filed on November 9, 2023.  Doc. 30.  Neither the government nor pretrial services takes a position on the motion.  *Id.* at 7.  For the following reasons, the Court GRANTS the motion.

On August 24, 2022, Ms. Gallegos was charged by criminal complaint with the distribution of 50 grams and more of methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(A), and aiding and abetting, in violation of 18 U.S.C. § 2.  Doc. 1.  Ms. Gallegos was arrested on or about September 8, 2022, and the Court held a detention hearing on September 13, 2022.  *See* Docs. 5, 13.  The Court ordered Ms. Gallegos detained based entirely on the presumption of detention and the fact that Ms. Gallegos waived her right to contest her detention. *See* Doc. 14.  The pretrial services report recommended that Ms. Gallegos be released under specified conditions.  Doc. 8.

Since the detention hearing, the parties repeatedly have sought to extend the time for presenting Ms. Gallegos's case to the grand jury while they attempt to work out a preindictment plea.  *See, e.g.*, Docs. 16, 18, 20, 22.  According to the motion, the potential immigration

consequences of a plea have presented a roadblock to reaching a plea deal, but the parties still are

working toward a negotiated resolution.  Doc. 30 at 2.  Nonetheless, Ms. Gallegos now has spent

nearly 15 months in pretrial custody.  According to the motion, she now seeks release because

the circumstances are different: because of the preindictment plea negotiations, "she is heavily

incentivized to abide by conditions of release"; she has struggled with her health while she has

been incarcerated; she has had no infractions while in custody; she has been exposed to drugs

while in custody and has refused them, and she wants to avoid further exposure; and, although

not new information, she has four children who live in Albuquerque, one of whom has special

needs, and all of whom need her care.  *See* Doc. 30 at 3–6.

Although a judicial officer may reopen a detention hearing, she may do so only if she

"finds that information exists that was not known to the movant [Ms. Gallegos] at the time of the

hearing and that has a material bearing on the issue whether there are conditions of release that

will reasonably assure the appearance of such person as required and the safety of any other

person and the community."  18 U.S.C. § 3142(f)(2).  In her motion, Ms. Gallegos provides the

Court with sufficient new information to warrant reopening the detention hearing.  This new

information—which includes the length of time she has been in pretrial custody, her good

behavior while in pretrial custody, her incentive to comply with conditions so that she can reach

a preindictment plea agreement with the United States, the parties' ongoing efforts to reach a

preindictment plea, and the government not taking a position on the motion for release—along

with information that existed at the time of the detention hearing, including Ms. Gallegos's lack

of criminal history and close familial ties to the community, is sufficient to rebut the presumption

that Ms. Gallegos be detained.

The Court therefore finds there are conditions of release that will reasonably assure Ms. Gallegos's future appearance and reasonably assure the safety of the community.  The Court will release Ms. Gallegos on her own recognizance subject to the conditions originally proposed by pretrial services.  Those conditions are as follows:

(1) Report for supervision to Pretrial Services as directed.

(2) Refrain for the use of alcohol and submit to random alcohol screening as directed by Pretrial Services.

(3) Not use or unlawfully possess a narcotic drug or other controlled substances defined in 21 U.S.C. § 802, unless prescribed by a licensed medical practitioner.

(4) Submit to random drug screening as directed by Pretrial Services and not obstruct, attempt to obstruct, or tamper with the efficiency and accuracy of prohibited substance screening or testing.

(5) Participate in an evaluation to assess the presence, nature, and severity of a substance abuse problem.

(6) Participate in a program of substance abuse treatment as directed by Pretrial Services.

(7) Avoid all contact, directly or indirectly, with any person who is or may be a victim or witness in the investigation or prosecution, including potential co-defendants.

(8) Not possess a firearm, destructive device, or other dangerous weapon.

(9) Report as soon as possible, to Pretrial Services, every contact with law enforcement personnel, including arrests, questioning, or traffic stops.

(10) Follow restrictions on personal association, residence, or travel as directed by Pretrial Services.  Travel is restricted to Bernalillo County, New Mexico.

The Court directs the U.S. Marshal Service to transport Ms. Gallegos to the Courthouse on November 16, 2023.  Ms. Gallegos will be released upon being processed and signing the conditions of release.

**IT IS SO ORDERED**.

DATED this 15th day of November 2023

_____
Laura Fashing
United States Magistrate Judge